Cozen O'Connor
Attorneys for Plaintiffs
Peter G. Rossi, Esquire (PGR-8516)
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ATLANTIC SPECIALTY INSURANCE COMPANY,
as subrogee of Brant Publications and
The Solomon R. Guggenheim Foundation           CIVIL ACTION NO.
OneBeacon Street                                1:07-cv-8508 GWG
Boston, MA  02108-3100                          "ECF CASE"

and

NATIONAL SURETY CORPORATION,
as subrogee of Peter Brant
777 San Marin Drive
Novato, CA  94998

and                                             **COMPLAINT**

142 MERCER STREET, LLC d/b/a LURE FISH BAR
142 Mercer Street
New York, NY 10012

                Plaintiffs,

v.

AE OUTFITTERS RETAIL COMPANY                   **JURY TRIAL DEMANDED**
150 Thornhill Road
Warrendale, PA  15086-7528

                Defendant.
----------------------------------------------------------------X

        Plaintiffs, Atlantic Specialty Insurance Company ("Atlantic Specialty"), as subrogee of Brant Publications, and The Solomon R. Guggenheim Foundation; National Surety Corporation ("National Surety"), as subrogee of Peter Brant; and 142 Mercer Street, LLC d/b/a

Lure Fish Bar ("142 Mercer Street"), by and through their undersigned counsel, hereby sue Defendant AE Outfitters Retail Company ("American Eagle"), and allege:

## THE PARTIES

1. Plaintiff Atlantic Specialty is a New York Corporation whose principal place of business is in Massachusetts at OneBeacon Street, Boston, Massachusetts 02108-3100.

2. At all relevant times hereto, Plaintiff Atlantic Specialty was part of the OneBeacon Group of Insurance Companies, was licensed to issue policies of insurance in the State of New York, and provided insurance to Brant Publications and The Solomon R. Guggenheim Foundation.

3. National Surety is an Illinois Corporation whose principal place of business is in California at 777 San Marin Drive, Novato, California 94498.

4. At all times relevant hereto, National Surety was one of the Fireman's Fund Group of insurance companies, was licensed to issue policies of insurance in the State of New York, and provided insurance to Peter Brant.

5. 142 Mercer Street is a New York limited liability company whose principal place of business is in New York at 142 Mercer Street, New York, New York 10012.

6. At all times relevant hereto, 142 Mercer Street operated the Lure Fish Bar, a restaurant and bar.

7. Defendant AE Outfitters Retail Company ("American Eagle") is a Delaware Corporation whose principal place of business is in Pennsylvania at 150 Thornhill Road, Warrendale, Pennsylvania 15086-7528.

8. At all times relevant hereto, defendant was a wholly-owned subsidiary of American Eagle Outfitters, Inc. and was in the retail apparel business.

**JURISDICTION AND VENUE**

9. This court has original jurisdiction over this action pursuant to 28 U.S.C. §1332. The matter in controversy is between citizens of different states as set forth above and exceeds the sum or value of $75,000 Dollars, exclusive of interest, attorney's fees and costs for each plaintiff as set forth below.

10. Venue in this court is proper pursuant to 28 U.S.C. §1391 as the fire that caused the damage to the plaintiffs occurred in this judicial district.

**BACKGROUND**

11. On and before January 21, 2006, Brant Publications leased from 575 Broadway Associates, L.P. space on the fifth and sixth floors of the building located at 575 Broadway, New York, New York.

12. On and before January 21, 2006, Brant Publications insured its business property and operations at 575 Broadway with Atlantic Specialty.

13. On and before January 21, 2006, The Solomon R. Guggenheim Foundation leased from 575 Broadway Associates, L.P. the entire ground and second floors in the building located at 575 Broadway, New York, New York as well as portions of the sub-basement, cellar, sub-cellar of the building and portions of the third and fourth floors.

14. On and before January 21, 2006, The Solomon R. Guggenheim Foundation insured its business property and operations with Atlantic Specialty.

15. On and before January 21, 2006, Peter M. Brant leased space from 575 Broadway Associates, L.P. for use as an art gallery and loft. Mr. Brant insured his personal property and artwork, including artwork and sculptures, with National Surety.

16. On and before January 21, 2006, 142 Mercer Street leased space in the building at 575 Broadway, facing Mercer Street, from 575 Broadway Associates, L.P. for use as a restaurant and bar.

17. On and before January 21, 2006, Defendant American Eagle leased space from 575 Broadway Associates, L.P. on the ground floor of the building at 575 Broadway in New York, New York for use as a retail clothing store.

18. American Eagle's leased space did not include a utility room containing HVAC ducts and a pipe chase leading to the upper floors of the six-story building that was adjacent to American Eagle's leased space and accessible through a door in a dressing room.

19. On and before January 21, 2006, Defendant American Eagle was using as a "marketing room" the utility room containing the HVAC ducts and pipe chase on the ground floor of the building adjacent to its leased space.

20. The marketing room was only accessible from a door in one of the dressing rooms in the leased premises of American Eagle.

21. On and before January 21, 2006, Defendant American Eagle was using the unauthorized space in the marketing room for storage of boxes, signs, marketing materials, a desk, and other combustible materials, in violation of both its lease and applicable fire and building codes of the City and State of New York.

22. On January 21, 2006, Defendant American Eagle was conducting an inventory in its store at 575 Broadway.

23. Defendant American Eagle closed its store to the public during its inventory and had approximately thirty employees in its store.

24. Shortly after 10:00 p.m. on January 21, 2006, a fire was discovered in the marketing room that was improperly being used for storage by Defendant American Eagle adjacent to its leased space at 575 Broadway, New York, New York.

25. The fire on January 21, 2006 spread from the area of origin in the marketing room to other floors in the building and smoke and heat from the fire also damaged other areas of the building not directly affected by the flames.

26. The New York City Fire Department responded to a fire alarm on January 21, 2006 and eventually extinguished the fire.

27. The personal and business property of the tenants in the building, including Peter Brant, Brant Publications, 142 Mercer Street, and The Solomon R. Guggenheim Foundation, was damaged as a result of the fire on January 21, 2006. In addition, several of the tenants, including 142 Mercer Street, Brant Publications, and The Solomon R. Guggenheim Foundation, sustained losses as a result of interruption to their businesses as a result of the fire.

28. Pursuant to its policy of insurance with Brant Publications, American Surety has paid to date $1,645,855.00 to Brant Publications as a result of the fire and, pursuant to both its policy of insurance and by operation of New York law, has become subrogated to the rights of Brant Publications against Defendant American Eagle.

29. Pursuant to its policy of insurance with The Solomon R. Guggenheim Foundation, American Surety has paid to date $2,417,509.00 as a result of the fire and pursuant to both the policy of insurance and by operation of New York law, has become subrogated to the rights of The Solomon R. Guggenheim Foundation against Defendant American Eagle.

30. Pursuant to its policy of insurance with Peter M. Brant, National Security has paid to date $2,401,607.90 for damages caused by the fire and, pursuant to both the policy of insurance and by operation of New York law, has become subrogated to the rights of Peter M. Brant against Defendant American Eagle.

31. 142 Mercer Street suffered $529,221.08 in damage to its business property and loss of business income as a result of the fire of January 21, 2006.

## COUNT I
## NEGLIGENCE AND GROSS NEGLIGENCE

32. Plaintiffs incorporate as if set forth at length paragraphs 1-31.

33. Defendant American Eagle, acting and by and through its employees, acting within the scope and duties of their employment, was negligent as follows:

   (a) improperly using the utility room containing the HVAC ducts and pipe chase on the ground floor of the building adjacent to its leased space that was accessible from a door in one of the dressing rooms in the leased premises;

   (b) improperly storing and accumulating combustible materials such as boxes, signs, desks, and other items in the utility room containing the HVAC ducts and pipe chase on the ground floor of the building adjacent to its leased space that was accessible from a door in one of the dressing rooms;

   (c) using a temporary light as a permanent light fixture in violation of applicable fire and building codes in the utility room containing the HVAC ducts and pipe chase on the ground floor of the building adjacent to its leased space that was accessible from a door in one of its dressing rooms;

   (d) improperly allowing a fire to start in the utility room containing the HVAC ducts and pipe chase on the ground floor of the building adjacent to its leased space that was accessible from a door in one of the dressing rooms and that was being used by employees of Defendant American Eagle on and before the evening of January 21, 2006;

   (e) failing to control and monitor the conditions in order to detect any dangerous and harmful occurrences;

   (f) failing to properly notify building personnel of the fire; and

   (g) failing to properly train employees in fire detection and prevention.

34. The negligent acts and omissions of Defendant American Eagle, which constituted gross negligence, directly and proximately caused the fire of January 21, 2006, or allowed it to spread unreasonably, such that plaintiffs sustained damages.

WHEREFORE, for the reasons set forth above, plaintiffs respectfully demand judgment against Defendant American Eagle in their favor plus interest, costs and attorney's fees to be determined by the Court.

Dated: New York, New York
       September    , 2007

Respectfully submitted,

COZEN O'CONNOR

_____
Peter G. Rossi, Esquire (PGR-8516)
45 Broadway Atrium, 16th Floor
New York, NY 10006
(212) 509-9400
Attorneys for Plaintiff

CO-COUNSEL:

Mark T. Mullen, Esquire (MTM-2384)
Paul Bartolacci, Esquire (PB-9536)
Cozen O'Connor
The Atrium – Third Floor
1900 Market Street
Philadelphia, PA  19103
(215) 665- 2091