Robert C. Sheps (RCS-5388)
SHEPS LAW GROUP, P.C.
35 Pinelawn Rd., Suite 106 East
Melville, New York 11747
Phone: (631) 249-5600
Facsimile: (631) 249-5613


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ATLANTIC SPECIALTY INSURANCE COMPANY,
as subrogee of Brant Publications and
The Solomon R. Guggenheim Foundation                   CIVIL ACTION NO.
OneBeacon Street                                       1:07-cv-8508 GWG
Boston, MA 02108-3100                                  "ECF CASE"

and

NATIONAL SURETY CORPORATION,
as subrogee of Peter Brant
777 San Marin Drive
Novato, CA 94998

and

                                                       **ANSWER**

142 MERCER STREET, LLC d/b/a LURE FISH BAR
142 Mercer Street
New York, NY 10012

                    Plaintiffs,

v.

AE OUTFITTERS RETAIL COMPANY
150 Thornhill Road
Warrendale, PA 15086-7528

                    Defendant.

------------------------------------------------------------------------X

        Defendant, AE OUTFITTER RETAIL COMPANY (hereinafter referred to as

"AE Outfitters" and/or "Answering Defendant"), by and through their attorneys, Sheps

Law Group, P.C., hereby Answer the Complaint, upon   information and belief, as follows:

1.      AE Outfitters admits the allegations contained in the paragraph entitled "1." of the Complaint.

2.      AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "2." of the Complaint.

3.      AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "3." of the Complaint.

4.      AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "4." of the Complaint.

5.      AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "5." of the Complaint.

6.      AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "6." of the Complaint.

7.      AE Outfitters denies the allegations contained in the paragraph entitled "7." of the Complaint to the extent that 77 Hot Metal Street, Pittsburgh, PA is the corporate address.

8.      AE Outfitters denies the allegations contained in the paragraph entitled "8." of the Complaint to the extent that defendant was a wholly-owned subsidiary of American Eagle Holdings, Co., which, is a wholly owned subsidiary of American Eagle Outfitters, Inc.

9.      AE Outfitters denies the allegations contained in the paragraph entitled "9." of the Complaint.

10.    AE Outfitters denies the allegations contained in the paragraph entitled "10." of the Complaint.

11.    AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "11." of the Complaint.

12.    AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "12." of the Complaint.

13.    AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "13." of the Complaint.

14.    AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "14." of the Complaint.

15.    AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "15." of the Complaint.

16.    AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "16." of the Complaint.

17.    AE Outfitters admits the allegations contained in the paragraph entitled "17." of the Complaint.

18.    AE Outfitters denies knowledge or information sufficient to form a belief to the truth of the allegations as stated contained in the paragraph entitled "18." of the Complaint.

19.    AE Outfitters denies as stated a belief to the truth of the allegations contained in the paragraph entitled "19." of the Complaint.

20.    AE Outfitters denies knowledge or information sufficient to form a belief to the truth of the allegations contained in the paragraph entitled "20." of the Complaint.

21.    AE Outfitters denies the allegations contained in the paragraph entitled "21." of the Complaint.

22.    AE Outfitters denies as stated the allegations contained in the paragraph entitled "22." of the Complaint.

23.    AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "23." of the Complaint.

24.    AE Outfitters denies the allegations contained in the paragraph entitled "24." of the Complaint.

25.    AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "25." of the Complaint.

26.    AE Outfitters admits the allegations contained in the paragraph entitled "26." of the Complaint.

27.     AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "27." of the Complaint.

28.     AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "28." of the Complaint to the extent that Plaintiff refers to a party "American Surety" as being the subrogated interest to Defendant Brant Publications.

29.     AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "29." of the Complaint to the extent that Plaintiff refers to a party "American Surety" as being the subrogated interest to Defendant The Solomon R. Guggenheim Foundation.

30.     AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "30." of the Complaint to the extent that Plaintiff refers to a party "National Security" as being the subrogated interest to Defendant Peter M. Brant.

31.     AE Outfitters denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "31." of the Complaint.

## AS AND FOR AN ANSWER TO "COUNT I", AE OUTFITTERS PLEADS, UPON INFORMATION AND BELIEF, AS FOLLOWS:

32.    AE Outfitters repeats and reiterates their answers to paragraphs numbered and entitled "1." through "31" of the Complaint with the same force and effect as if set forth at length herein.

33.    AE Outfitters denies the allegations contained in the paragraph entitled "33." of the Complaint.

34.    AE Outfitters denies the allegations contained in the paragraph entitled "34." of the Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES, AE OUTFITTERS PLEADS, UPON INFORMATION AND BELIEF, AS FOLLOWS:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:

Plaintiffs have failed to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:

This action should not proceed in the absence of various entities who should be parties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:

If plaintiffs did sustain injuries as alleged in the Complaint, which the ANSWERING DEFENDANT specifically denies, such injuries were caused in whole or in part, or were contributed to by reason of the acts, omissions, wrongs, carelessness, negligence, want of care and culpable conduct of the plaintiff(s) and not by any acts, omissions, wrongs, carelessness, negligence, want of care, culpable conduct of ANSWERING DEFENDANT and plaintiff(s)'s recovery, if any, should be barred or

reduced in accordance with the doctrine of comparative negligence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:

If plaintiffs did sustain any injuries as alleged in the Complaint, which the ANSWERING DEFENDANT specifically denies, said injuries were proximately caused in whole or in part, or were contributed to by reason of the acts, wrongs, omissions, negligence, want of care, culpable conduct and/or product(s) of some other entity(ies), its (their) agent(s), servant(s) or employee(s), over whom the ANSWERING DEFENDANT had no control and for whose conduct and/or product(s) ANSWERING DEFENDANT are/were not responsible or liable, and not because of any of ANSWERING DEFENDANT'S acts, wrongs, omissions, carelessness, negligence, want of care, or culpable conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:

If plaintiffs did sustain any injuries as alleged in the Verified Complaint, which the ANSWERING DEFENDANT specifically denies, said injuries were caused in whole or in part, or were contributed to by reason of factors over which the ANSWERING DEFENDANT had no control and for which ANSWERING DEFENDANT is (was) not responsible or liable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:

Plaintiffs' recovery should be barred or reduced by virtue of their failure to mitigate and/or avoid their alleged damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:**

If plaintiffs did sustain any injuries as alleged in the Verified Complaint, which ANSWERING DEFENDANTS specifically deny, said injuries were directly and proximately caused by independent, intervening and/or superseding causes which ANSWERING DEFENDANT could not have reasonably foreseen and for which ANSWERING DEFENDANT is (was) not responsible or liable.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:**

At all times relevant herein, ANSWERING DEFENDANT exercised reasonable care, acted in accordance with or exceeded all applicable Municipal, City, State and Federal statutory, regulatory and common law requirements, regulations, codes and standards.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:**

This Court does not have personal jurisdiction over the Answering Defendants.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:**

If plaintiffs did sustain any injuries as alleged in the Verified Complaint, which ANSWERING DEFENDANT specifically denies, ANSWERING DEFENDANT'S liability for said injuries, if any, will constitute 50% or less of the total liability assigned to all persons or entities liable, and as such, the liability of ANSWERING DEFENDANT to the plaintiff(s) for non-economic loss shall be limited and shall not exceed ANSWERING DEFENDANT'S equitable share as provided in Article 16 of the CPLR.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES, AS FOLLOWS:**

Plaintiffs' claims must be dismissed inasmuch as they were the sole proximate cause of the alleged incident and injuries.

**WHEREFORE,** AE Outfitters demand judgment dismissing the Complaint and for all costs, disbursements, fees and expenses associated with the defense of the Complaint.

Dated:  New York, New York
            December 10, 2007

Respectfully submitted:

SHEPS LAW GROUP, P.C.

BY: _____
ROBERT C. SHEPS, ESQ. (RCS-5388)
*Attorneys for Defendant*
*AE OUTFITTERS RETAIL COMPANY*
35 Pinelawn Rd., Suite 106 East
Melville, New York  11747
Phone: (631) 249-5600