Cozen O'Connor
Attorneys for Plaintiffs
Mark T. Mullen, Esquire (*pro hac vice*)
Paul Bartolacci, Esquire (*pro hac vice*)
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ATLANTIC SPECIALTY INSURANCE COMPANY,
as subrogee of Brant Publications and
The Solomon R. Guggenheim Foundation

and

NATIONAL SURETY CORPORATION,
as subrogee of Peter Brant

and

142 MERCER STREET, LLC d/b/a LURE FISH BAR

          Plaintiffs,

v.

AE OUTFITTERS RETAIL COMPANY

          Defendant.
-----------------------------------------------------------------X

CIVIL ACTION NO.
1:07-cv-8508 GWG

~~PROPOSED~~
SCHEDULING ORDER

1. The Rule 16 scheduling conference was held on Friday, February 8, 2008 with Mark T. Mullen of Cozen O'Connor, 1900 Market Street, Philadelphia, Pennsylvania 19103, (215) 665-2000 representing plaintiffs Atlantic Specialty Insurance Company, as subrogee of Brant Publications and The Solomon R. Guggenheim Foundation; National Surety Company, as subrogee of Peter Brant; and 142 Mercer Street, LLC d/b/a Lure Fish Bar through

and defendant represented by Robert C. Sheps, Esquire Sheps Law Group, P.C., 35 Pinelawn Road, Melville, New York 11747, (631) 249-5000.

2. This is a diversity claim for property damage caused by a fire on January 21, 2006 at an historic building located in SoHo at 575 Broadway, New York, New York. The Solomon R. Guggenheim Foundation, Brant Publications, Peter Brant, and 142 Mercer Street, LLC d/b/a Lure Fish Bar suffered almost $7,000,000 in damages as a result of the catastrophic fire. Plaintiff Atlantic Specialty Insurance Company insured Brant Publications and The Solomon R. Guggenheim Foundation. Plaintiff National Surety Corporation insured Peter Brant. Atlantic Special and National Surety have filed subrogation claims. The Atlantic Specialty claim for Brant Publications is $2,417,511 and is $1,645,857 for Guggenheim. National Surety's claim for Peter Brant is $2,403,283. 145 Mercer Street suffered $529,221 in damages.

3. Plaintiffs claim that Defendant AE Outfitters Retail Company, a division of American Eagle Outfitters, was responsible for allowing the fire to start and causing its spread. The fire started in a room that the defendant was not authorized to use because it was not part of its leased space with the building owner. The room was filled with combustible materials that allowed the fire to spread throughout the building. The primary issues in the case will involve establishing where the fire started and how it spread throughout the building, as well as establishing the amount of damage caused by the fire.

4. The parties propose the following schedule:

   a) Deadline to amend the pleadings or join other parties: ~~Plaintiffs propose April 1, 2008 and Defendant propose~~s August 1, 2008;

   b) The date for document requests, initial interrogatories, and responses thereto is any time before the close of discovery so long as the responses are due before the close of discovery as set forth in

Paragraph 9. The Rule 26 Initial disclosures will be on or before **February 2̶2̶ 26, 2008**; /s/WG

c) There are numerous witnesses expected to be deposed in the case as American Eagle had a number of employees in the store taking a physical inventory, representatives of the parties will have to be deposed, and other fact witnesses relating to the fire will be deposed prior to the close of fact discovery as set forth below.

d) All non-expert discovery will be completed on or before **October 31, 2008**;

e) Plaintiffs' expert disclosures in accordance with Rule 26(a)(2) will be made on or before **December 1, 2008**, defendant and any third-party defendant expert reports will be due on or before **January 1, 2009**, and plaintiffs' rebuttal expert reports, if any, will be due on or before **January 16, 2009**;

f) Expert depositions shall be conducted after the exchange of expert disclosures and completed by **February 28, 2009**; and

g) Dispositive motions will be filed on or before **March 31, 2009**.

5. The parties do not anticipate any limitations being placed on discovery at this time but do request a limit of twenty (20) depositions per party for fact witnesses with such party to show good cause to the Court for taking more than that number unless the parties can reach a mutual agreement for more fact depositions than twenty per party.

6. The parties have agreed that all initial discovery will be by hard copy documents at first with each party to reserve the right to request, with thirty days notice, copies

of e-discovery in their original medium. The parties do not anticipate any other discovery issues at present.

7.  The anticipated fields of expert testimony are the origin, cause, and spread of the fire; building code issues relating to fire safety; and damages.

8.  Plaintiffs have requested a jury trial and at present the estimated length of trial is 5-7 days.

8(a)  The parties believe it will be most helpful to engage in settlement discussions after the exchange of expert reports but will do so sooner if both sides believe it would be worthwhile; and

8(b)  The parties would like to use Magistrate Judge Gorenstein for the mediation.

9.  All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order. "Good cause" as

used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

Dated: New York, New York
     February    , 2008

                              SO ORDERED:

                              _____
                              GABRIEL W. GORENSTEIN
                              United States Magistrate Judge