UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ATLANTIC SPECIALTY INSURANCE et al.,       :

        Plaintiff,       :

       -v.-       :

AE OUTFITTERS RETAIL COMPANY,       :

        Defendant.       :
------------------------------------------------------------x

ORDER

07 Civ. 8508 (BSJ)(GWG)

This Order also applies to:   08 Civ. 2157 (BSJ)(GWG)
                                         08 Civ. 3294 (BSJ)(GWG)

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

    Before the Court are motions to sever brought by third party defendants ETNA Structural Consulting Engineers, P.C. and Integrated Systems and Power, Inc.

    Under Rule 21, "[a]ny claim against a party may be severed and proceeded with separately," even though a party may initially combine all of its claims against a particular defendant. Fed. R. Civ. P. 21. Nonetheless, "[t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court." In re Ski Train Fire, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (quoting New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d. Cir. 1988)). Because "considerations of convenience, avoidance of prejudice to the parties, and efficiency" are implicated, courts weigh several factors in a severance analysis, including: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Deajess Med. Imaging, P.C. ex rel. Barry v. Geico Gen. Ins. Co., No. 03 Civ. 7388 (DCF), 2005 WL 823884, at *2 (S.D.N.Y. Apr. 7, 2005) (citations omitted).

Preferred Med., P.C. v. Geico Gen. Ins. Co., 2005 WL 2777309, at *3 (S.D.N.Y. Oct. 21, 2005).

    Both motions (Docket # 86 and # 93) are denied. The newly named third party defendants can point to no real prejudice from having all the claims in this case litigated together – other than their concern that discovery undertaken by them will need to be expedited. But this concern is far outweighed by the fact that the claims against them arise, at least in part, out of the same occurrence as the other claims in the case; that there will be an overlap in some of the witnesses and documentary proof; that the claims present, at a minimum, some common

questions of fact; and that judicial economy would be greatly facilitated by having the claims litigated in a single proceeding rather than in multiple proceedings. ETNA believes that it may have a legal defense to the action against it; but there is no reason that defense cannot be raised and heard in the present proceeding.

A conference to discuss the scheduling of the remaining discovery in this matter will be held on November 5, 2009, at 2:30 pm in Courtroom 17-A, 500 Pearl Street, New York, New York.

Dated: New York, New York
October 30, 2009

SO ORDERED:

GABRIEL W. GORENSTEIN
United States Magistrate Judge

2